Library

FILED
SUPERIOR COURT

FEB 13 PM 1:54

CLERK OF COURT
BY

IN THE SUPERIOR COURT OF GUAM
TERRITORY OF GUAM

ANTHONY M. SABLAN, FRANCISCA C. )
SABLAN, MICHAEL C. SABLAN, )
THERESA P. SABLAN, C.J.S. AND N.A.S., )
    )
    Plaintiffs,)
    )
    vs.    )
    )
SAMURAI GUAM, LLC, YOSHIKATSU )
TOSHIOKA, NATIONAL UNION FIRE )
INSURANCE COMPANY OF )
PITTSBURGH, PA., AND DOES 1 )
THROUGH 10,     )
    )
    Defendants.)

CIVIL CASE NO. CV1393-07

DECISION

On January 10, 2012 the HONORABLE ELIZABETH BARRETT-ANDERSON[1] canceled oral arguments on Defendants' Motion for a New Trial ("Motion") and determined that the Court would render its decision on the basis of the materials on file. This Court having considered all the briefs and arguments filed herein now renders the following decision.

DISCUSSION

This Court held a jury trial in this matter, and on April 4, 2011, the jury rendered a verdict in favor of the Plaintiff Francisca C. Sablan, collectively in the amount of $403,405.60; Plaintiff Anthony Sablan, collectively in the amount of $90,000.00; Plaintiff Michael C. Sablan, collectively in the amount of $50,000.00; Plaintiff Theresa P. Sablan, collectively in the amount of $50,000.00; Plaintiff Noah A. Sablan, collectively in the amount of $50,000.00; and Plaintiff Connor J. Sablan, collectively in the amount of $15,000.00. *Sablan v. Samurai Guam, LLC, et. al.*, CV1593-07 (Jun. 15, 2011). Costs for the Plaintiffs were also awarded. *Id.* On June 24, 2011, Defendants filed the Motion requesting that this Court grant "a new trial on the issue of

---

[1] After taking this matter under advisement, Judge Barrett-Anderson retired and became Judge *Pro Tempore.*

damages on the grounds that the jury's damage awards are grossly excessive and the result of passion and prejudice. Defendants do not contest the jury's finding of liability." Mot. For New Tr., p. 1 (Jun. 24, 2011). The Motion is based upon Rule 59(a) of Guam's Rules of Civil Procedure and Title 7 Guam Code Annotated section 21501(4) (2010).

The Court notes that 7 GCA § 21502 requires that a motion for new trial must be made within five (5) days of Judgment. The Motion was filed nine (9) days after Judgment, hence this Motion is untimely[2], and therefore, the Court will not grant a new trial based upon 7 GCA § 21501(4). However, under GRCP 59(a), a motion for a new trial may be made within ten (10) days after the entry of Judgment; therefore, the Court will consider the Motion based upon GRCP 59(a).

"When reviewing the denial of a motion for a new trial, the inquiry is 'whether the verdict is either supported by substantial evidence or whether the jury's decision is against the clear weight of the evidence.'" *Guam Top Builders, Inc. v. Tanota Partners*, 2011 Guam 30 ¶ 8(quoting *B.M. Co. v. Avery*, 2002 Guam 19 ¶ 10); *Park v. Mobil Oil Guam, Inc.*, 2004 Guam 20. "Substantial evidence is relevant evidence that a reasonable person may accept as sufficient to support a conclusion, even if inconsistent conclusions may be drawn from the evidence." *B.M. Co. v. Avery*, 2002 Guam 19 ¶ 13(citations omitted). "A jury has substantial discretion in determining the amount of damages, but a new trial may be awarded if the …award bears no reasonable relation to the loss suffered." *Craigmiles v. Egan*, 618 N.E.2d 1242, 1248 (Ill. App. Ct. 1993)(quoted by *B.M. Co.*, 2002 Guam 19 ¶13).

Plaintiffs argue that Defendants have not met the burden for this Court to grant a new trial on damages. Furthermore, the Plaintiffs and Defendants agree with the concept that even if a court would have granted a different amount of damages, it cannot substitute its judgment for the jury's and that the jury's verdict must be upheld unless it was unreasonably excessive so as

---

[2] Plaintiffs did not raise this point or object to the Motion on this basis. Further, the Court notes that the Plaintiffs' Opposition to Motion For New Trial was filed late, but the Defendants did not object or request it be stricken from the record. CVR 7.1(d). *See also* CVR 7.1(f), (k).

to "shock the judicial conscience." *Cabassa v. American Transport, Inc.*, 58 F.DR.D. 200, 204 (D.C.P.R. 1972); Wright, Miller & Kane, 11 Fed. Prac. & Proc. Civ. § 2807 (2d ed.).

The physical injuries in this case were not extensive, nonetheless, the jury determined, after being properly instructed and considering the substantial evidence, that each of the Plaintiffs were entitled to some amount of past and future non-economic damages. *Sablan v. Samurai Guam, LLC.*, CV1393-07 (Sup. Ct. Guam Aug. 24, 2009). *See also* Jury Instruction D8 (Apr. 4, 2011). In the Court's opinion, the jury did consider each Plaintiff individually and awarded a reasonable amount of damages based on the evidence and the jury's common sense. The differences in amounts for each Plaintiff individually provides this Court with support to uphold the jury's verdict because the jury was not swayed by passion and prejudice, but instead properly considered each Plaintiff's different amount of physical injuries and the fear and anxiety experienced as a result of the incident. The amount awarded by the jury was less than what the Plaintiffs requested; but more than the Defendants think is reasonable. Both parties attempt to sway the Court with summarizing the evidence the jury considered. This Court will not substitute its judgment based on the evidence, but rather finds that the jury awarded a substantial amount of damages to Plaintiffs; however, the amounts awarded bear a reasonable relation to the loss suffered. Furthermore, the Court determines that the jury's decision is not against the clear weight of the evidence.

## CONCLUSION

For all of the reasons stated herein, the Court DENIES Defendants' Motion.

SO ORDERED this 13th of April 2012.

HONORABLE ELIZABETH BARRETT- ANDERSON
Judge *Pro Tempore*, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

APR 1 3 2012